DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:07 CR 254 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a) |
| Antonio Carmona-Martinez, | ) ) | |
| Defendant. | ) | |

I. Introduction

The Court conducted the sentencing hearing of the defendant Antonio Carmona-Martinez. The Court determined that the defendant's total offense level was 10 with a criminal history category of I calling for a sentencing range under the advisory sentencing guidelines of six to 12 months. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of six months with supervised release for a period of two years.

II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

(5:07 CR 254)

According to a Ravenna City police report, on March 30, 2007, a Ravenna police officer, while on routine patrol, stopped a vehicle with a cracked windshield and broken tail light. The occupants of the truck were three Hispanic males. All three gentlemen were asked to produce an immigration visa or a passport, which none of the individuals could produce. Through further investigation, it was determined that they were illegal immigrants working for TDL Construction, Inc. and had no immigration identification.

A criminal record check conducted by Immigration and Customs Enforcement disclosed that the defendant, Antonio Carmona-Martinez claimed a birthplace of Mexico. A check of the Immigration and Naturalization Central Index System disclosed that the defendant was previously expedited removed from the United States on May 11, 2006, through Naco, Arizona. Upon further review, there was no indication that the defendant was granted permission to reenter the United States.

The defendant's acceptance of responsibility is set forth in paragraph nine of the presentence report as follows:

> "Your Honor, I have come to the United States out of desperation, to get employment to help support my mother, father, and to help pay my sister's doctor. In Mexico, we did not have enough money to eat sometimes. I didn't come her to do anything else but work and I was able to send money home to my parents. Please, Senor Judge, have mercy on me: I will never come back here, because I never want to be in jail again. Thank you."

The defendant is one of three children born to his parents in Mexico in 1978. His brother and his sister both continue to reside in Mexico with his parents. The defendant indicates that he had an average childhood, but that he dropped out of school at the age of 15 or 16 to work in the

(5:07 CR 254)

fields with his father and help earn money for the home.  He indicates that the family was very poor and at times they did not have sufficient food.  The defendant reports that he has never married and has not fathered any children.  He reports he is in good health.  The defendant appears to have no mental or emotional problems and enjoys good health.

**(2)  The Need for the Sentence Imposed**

    **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

The return of removed aliens is a constant problem for this country.  The problem is aggravated when the alien has a previous felony conviction.  Consequently, a sentence of confinement should be imposed.  In some cases, as in this case, a sentence at the low end of the sentencing advisory range, with deportation to follow, promotes respect for the law and provides just punishment.

    **(B)  to afford adequate deterrence to criminal conduct;**

The defendant has been incarcerated since he was discovered in the United States on March 30, 2007.  The Court is of the view that his incarceration has made an impression upon the defendant and that a sentence of six months, with credit for time in custody, provides adequate deterrence.

    **(C)  to protect the public from further crimes of the defendant;**

It is problematical whether the defendant will return to the United States.  As long as there are employment difficulties in Mexico, there is always the temptation for Mexican aliens to return to the United States in the hope that they will not be detected and will be able to find better employment opportunities than in Mexico.  It is this Court's belief that this defendant will

3

(5:07 CR 254)

not return and that the six month sentence is sufficient to protect the public from further crimes of the defendant.

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

As the defendant has been in custody for five months and will soon be deported, this aspect of the sentencing considerations under 18 U.S.C. 3553(a) is not relevant.

### III.  Conclusion

For the reasons set forth herein, a sentence of six months with supervised release for two years and within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.


 August 31, 2007                           */s/ David D. Dowd, Jr.*
Date                                       David D. Dowd, Jr.
                                           U.S. District Judge